M. Kent Anderson, Tax Div., U.S. Dept. of Justice, Dallas, Tex., for defendant.

**In re Aron Frances MATLOCK, Norma Lou Matlock, Debtors.**

**Aron Frances MATLOCK, and Norma Lou Matlock, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 87–00008–W.**

**Adv. No. 88–0284–W.**

United States Bankruptcy Court, N.D. Oklahoma.

Aug. 18, 1989.

**MEMORANDUM DECISION AND ORDER**

MICKEY DAN WILSON, Bankruptcy Judge.

On October 27, 1988, Aron Frances Matlock and Norma Lou Matlock ("Debtors") filed their complaint herein against the United States of America ("U.S.A."), seeking determination that a certain debt owed U.S.A. was dischargeable under 11 U.S.C. § 523(a)(7)(B); injunction against collection efforts by U.S.A.'s agency, the Internal Revenue Service ("I.R.S."); and recovery of amounts already collected. Debtors also assert (in briefs, though not in their complaint) that they never properly owed the debt in the first place. Debtors characterize 11 U.S.C. § 523(a)(7)(B) as a "statute of limitations" on collection of certain tax penalties; and the parties submit for decision on stipulation and briefs the single issue of the application, if any, of this "statute of limitations" to collection efforts by I.R.S. for U.S.A. on this debt. Other issues are reserved for later disposition as necessary.

## FINDINGS OF FACT

1. A & H Electric Company ("A & H") filed its petition for relief under 11 U.S.C. Chapter 11 on August 18, 1982. The Chapter 11 case was converted to a case under 11 U.S.C. Chapter 7 on December 1, 1982. See Stipulation ¶ II.

2. On August 26, 1985, Debtors were assessed penalties under the Internal Revenue Code, 26 U.S.C. § 6672, for the second, third and fourth quarters of 1982, as responsible persons of A & H in the amount of $13,577.79, Stipulation ¶ I.

3. I.R.S. for U.S.A. has, from the date of the assessment of the penalty under 26 U.S.C. § 6672 through January 24, 1989, withheld or collected monies from Debtors in amounts which need not be specified here, Stipulation ¶ IV.

4. Debtors filed their own petition for relief under 11 U.S.C. Chapter 7 on January 5, 1987, four years and five days after the end of the last quarter for which penalties under 26 U.S.C. § 6672 have been assessed. Debtors were discharged on June 13, 1988.

5. The parties filed their "Stipulation of Facts" on April 3, 1989, stipulating to facts as set forth above, and further stipulating that "Debtors retain their right to contest their liability for the ... assessment," Stipulation ¶ "IV" [sic; V]. On April 18, 1989, both parties filed their respective briefs, addressing the issue of "statute of limitation" or dischargeability, but reserving issues of liability for the debt even if not discharged.

## CONCLUSIONS OF LAW

This a core proceeding under 28 U.S.C. 157(b)(2)(I), 11 U.S.C. § 523(a)(1)(A), (a)(7)(B).

Debtors were principals of a corporation which did not remit to U.S.A. certain taxes which should have been withheld from wages earned by the corporation's employees. Debtors have been charged with liability to U.S.A. on account of their corporation's unpaid withholding, pursuant to 26 U.S.C. § 6672—the so-called "100% penalty." For purposes of this opinion only, the Court presumes that Debtors were properly liable under 26 U.S.C. § 6672 in the amounts assessed by I.R.S., and also assumes that the events giving rise to the liabilities all occurred more than three years before Debtors filed bankruptcy and received their discharge. Debtors argue that their liability for the "100% penalty" has been discharged pursuant to 11 U.S.C. § 523(a)(7)(B), which discharges "... any debt ... for ... a tax penalty ... imposed with respect to a transaction or event that occurred three years before the date of the filing of the petition ..." U.S.A. argues that Debtors' liability has not been discharged pursuant to 11 U.S.C. § 523(a)(1)(A) incorporating 11 U.S.C. § 507(a)(7)(C), which together provide an exception to discharge for "... any debt ... for ... a tax required to be collected or withheld and for which the debtor is liable in whatever capacity ..." In short, the issue is whether the "100% penalty" of 26 U.S.C. § 6672 is a *penalty* within 11 U.S.C. § 523(a)(7)(B), or a *tax* within 11 U.S.C. § 523(a)(1)(A), § 507(a)(7)(C): if a penalty, it is subject to the three-year bar of 11 U.S.C. § 523(a)(7)(B); if a tax, it is not subject to the 3-year bar.

Debtors characterize 11 U.S.C. § 523(a)(7)(B) as a "statute of limitation" on collection of tax penalties, Debtors' Brief pp. 1, 5. Whether § 523(a)(7)(B) is technically a statute of limitation, or a condition on the right of discharge, makes little difference; see 51 AM.JUR.2D (1970) "Limitation of Actions" § 15. When invoked by debtors in bankruptcy, § 523(a)(7)(B) certainly acts like a statute of limitation, in that (in conjunction with the discharge itself, 11 U.S.C. § 524) it prevents further enforcement as a personal liability of a "tax penalty ... imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition ..." Under certain circumstances, a party can be estopped to plead a statute of limitation; see generally 28 AM.JUR.2D (1966) "Estoppel and Waiver" §§ 1–3, 26–30, 32–36, 40–43, 45–46, 50, 53, 68, 76–80, 134, 51 AM. JUR.2D (1970) "Limitation of Actions" §§ 431–452. But ordinarily estoppel must

itself be pleaded as an affirmative defense, which U.S.A. has not done in this adversary proceeding; nor do any facts appear in pleadings or stipulation which must estop Debtors from invoking the bar of § 523(a)(7)(B)—see Bankruptcy Rule 7008(a), F.R.Civ.P. 8(c), 28 AM.JUR.2D, supra, §§ 135–136. Given that Debtors may invoke § 523(a)(7)(B), then the question is whether or to what extent that statute applies to bar or discharge collection of the "100% penalty" assessed against these Debtors.

*In re Roberts: Roberts v. Internal Revenue Service,* 94 B.R. 707 (N.D.Okla.1989), deals with penalties assessed against individuals for failure to pay their own income taxes and/or to file their own tax returns, and accordingly does not address the issue now before this Court.

11 U.S.C. § 523(a)(7)(B) discharges ". . . a tax penalty . . ." 26 U.S.C. § 6672 by its own terms establishes "a penalty" for "tax evaded." Yet it would be jumping to conclusions to suppose that "penalty" in 11 U.S.C. § 523(a)(7)(B) equals "penalty" in 26 U.S.C. § 6672. The issue before this Court is whether a debt is dischargeable—a matter of bankruptcy law, not tax law. The answer depends on the meaning of the terms "tax" and "penalty" as used in certain provisions of the Bankruptcy Code—no matter how such terms may be used in the Tax Code or any other inapplicable statute. Different statutes may use the same term in somewhat different senses; see Hancock, "Fallacy of the Transplanted Category," 37 Can.B.Rev. 535 (Dec.1959). It is possible that "penalty" in the Bankruptcy Code means the same thing that it does in the Tax Code; it is also possible that it means something different. The terms "tax" and "penalty" are not defined by the Bankruptcy Code. The Court must therefore ascertain their intended meaning by statutory interpretation and construction.

In construing the meaning of a statutory term, the Court considers it in its statutory context, 73 AM.JUR.2D (1974) "Statutes" §§ 186–191, 204, 206–207, 213 n. 72–76.

In a Chapter 7 case, "The Court shall grant the debtor a discharge . . ." absent certain extraordinary derelictions by the debtor, 11 U.S.C. § 727(a). No such derelictions appeared in this case, and Debtors were duly given their discharge. Generally, "A discharge in a case . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any . . . debt as a personal liability of the debtor," 11 U.S.C. § 524(a)(2)—provided such debts are subject to the discharge in the first place. Most debts incurred before bankruptcy are subject to the discharge; but 11 U.S.C. § 523 removes or excepts some prebankruptcy debts from the operation of the discharge—put another way, 11 U.S.C. § 523 declares certain kinds of pre-bankruptcy debts to be nondischargeable. The nondischargeability of tax-related debts is treated in two different subdivisions of 11 U.S.C. § 523: Section 523(a)(1) deals with nondischargeability of *taxes* themselves; § 523(a)(7) deals with nondischargeability of tax *penalties.* A wholly different aspect of taxes in bankruptcy is treated in 11 U.S.C. § 507(a)(7), which deals with the *priority* of payment of tax claims against the bankruptcy estate. However, these different aspects are related, for § 523(a)(1)(A) refers to § 507(a)(7). Thus, the same taxes which are owed by the bankruptcy estate as priority claims under § 507(a)(7) are also owed by the debtor as nondischargeable debts under § 523(a)(1)(A). Tax penalties which are not priority claims under § 507(a)(7) are also not excepted from discharge under § 523(a)(1)(A); they may receive a separate exception from discharge under § 523(a)(7), but only if less than three years old, per § 523(a)(7)(B). In short, § 507(a)(7) and § 523(a)(1)(A) are complementary, but § 523(a)(1)(A) and § 523(a)(7) are mutually exclusive. Whatever is a "tax" under § 507(a)(7) is likewise a "tax" under § 523(a)(1)(A), and therefore is not a "penalty" under § 523(a)(7). In determining the meaning of "penalty" in § 523(a)(7), reference must be made to the meaning of "tax" in § 523(a)(1)(A), § 507(a)(7).

11 U.S.C. § 507(a)(7) gives priority status to ". . . (C) a tax required to be collected or

withheld and for which the debtor is liable in whatever capacity ..." Although the word "tax" is not defined, legislative history of this provision makes it quite clear what Congress meant by the term. This provision concerns

> Taxes ... which the debtor was required by law to withhold or collect from others and for which he is liable in any capacity, *regardless of the age of the tax claims* ... This category covers the so-called "trust fund" taxes, that is, income taxes which an employer is required to withhold from the pay of his employees, the employees' shares of social security and railroad retirement taxes, and also Federal Unemployment Insurance. This category also includes excise taxes which a seller of goods or services is required to collect from a buyer and pay over to a taxing authority.
>
> *This category also covers the liability of a responsible corporate officer under the Internal Revenue Code for income taxes or for the employees' share of employment taxes which, under the tax law, the employer was required to withhold from the wages of employees. This priority will operate where a person found to be a responsible officer has himself filed a petition under title 11 and the priority covers the debtor's liability as an officer under the Internal Revenue Code regardless of the age of the tax year to which the tax relates.*

S.Rep. No. 95–989, p. 71, U.S.Code Cong. & Admin.News 1978, p. 5857 (emphasis added). This committee report was later restated as follows:

> Taxes which the debtor was required by law to withhold or collect from others and for which he is liable in any capacity, *regardless of the age of the tax claims.* This category covers the so-called "trust fund" taxes, that is, income taxes which an employer is required to withhold from the pay of his employees, and the employees' share of social security taxes. *In addition, this category includes the liability of a responsible officer under the Internal Revenue Code (sec. 6672) for income taxes or for the employees' share of social security taxes which that*

*officer was responsible for withholding from the wages of employees and paying to the Treasury, although he was not himself an employer. This priority will operate when a person found to be a responsible officer has himself filed in title 11 and the priority will cover the debtor's responsible officer liability regardless of the age of the tax year to which the tax related. The U.S. Supreme Court has interpreted present law to require the same result as will be reached under this rule. U.S. v. Sotelo, 436 U.S. [268, 98 S.Ct. 1795, 56 L.Ed.2d 275] (1978).*

Cong.Rec. (Sept. 28, 1978) p. H–11113 (emphasis added). The case referred to in the Congressional Record, namely *U.S. v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275, reh. den. 438 U.S. 907, 98 S.Ct. 3126, 57 L.Ed.2d 1150 (1978), held that, under the former Bankruptcy Act, a "100% penalty" assessed against corporate officers was a nondischargeable "tax" and not a dischargeable "penalty." The rule in *U.S. v. Sotelo,* supra, applied "at least in a case in which, as here, the § 6672 liability is predicated on a failure to pay over, rather than a failure initially to collect, the taxes," *id,* 436 U.S. at p. 275, 98 S.Ct. at p. 1800. The limitation was due merely to the language of the Bankruptcy Act in effect at the time, which made nondischargeable only those "taxes ... which the bankrupt *has collected or withheld* from others ... but *has not paid over,*" Act § 17(a)(1)(e), former 11 U.S.C. § 35(a) (1976 ed.) (emphasis added). This loophole in the statute was later closed by Congress; for the present statute refers more broadly to any "tax *required to be* collected or withheld and for which the debtor is liable in whatever capacity ...," present 11 U.S.C. § 507(a)(7)(C) (emphasis added). Thus, legislative history of the present Bankruptcy Code provides the plainest possible statement of Congressional intent to include the so-called "100% penalty" within the definition of "tax" as used in 11 U.S.C. § 507(a)(7)(C) and without regard for any period of limitation. It follows that the "100% penalty" is also a nondischargeable "tax" within 11 U.S.C. § 523(a)(1)(A); and is not a "penalty" within 11 U.S.C. § 523(a)(7)(B).

The purpose of the "100% penalty" is to shift liability for an unpaid tax from a defunct corporation to its defalcating officers, *U.S. v. Sotelo,* supra; *In re Murphy,* 381 F.Supp. 813, 817 (N.D.Ala.1974) citing *Sherwood v. U.S.,* 228 F.Supp. 247, 251 (E.D.N.Y.1964). The Internal Revenue Service enforces the "penalty" only until the original amount of the tax is recovered, and pursues no multiple "100% penalties," *U.S. v. Sotelo,* supra, 436 U.S. at pp. 279–280 n. 12, 98 S.Ct. at pp. 1802 n. 12 quoting Comptroller General's Opinion B–137762 (May 3, 1977) reprinted in 9 CCH 1977 Stand.Fed.Tax Rep. 6614, p. 71,438. Therefore, even if the "100% penalty" is not a "tax" within the meaning of 11 U.S.C. § 507(a)(7)(C), it is "a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss," 11 U.S.C. § 507(a)(7)(G). Since this "penalty" is "in compensation for actual pecuniary loss," it is not subject to 11 U.S.C. § 523(a)(7), which deals only with "a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, [which] is not compensation for actual pecuniary loss ..." Whether a priority "penalty" under § 507(a)(7)(G) is nondischargeable as a "tax" under 11 U.S.C. § 523(a)(1)(A) has not been briefed by the parties and need not be decided at this time; it is enough to determine that such a "penalty" is not within § 523(a)(7) and therefore is not subject to the bar of § 523(a)(7)(B).

Debtors are clearly aware of *U.S. v. Sotelo,* supra, since they cite it in paragraph III of their complaint. There they assert that "the penalty is an exception to the holding in *U.S. v. Sotelo,* ..." without explaining what would be left of the rule of *U.S. v. Sotelo* if their "exception" were recognized. Debtors do not acknowledge the existence of *U.S. v. Sotelo* in their brief at all. Debtors quote certain legislative history which they describe as "the only relevant history," Debtors' Brief p. 6, without explaining how the legislative history of 11 U.S.C. § 523(a)(1)(A) and § 507(a)(7) could be irrelevant. Having quoted legislative history of § 523(a)(7), Debtors then "point out that the statute in question,

*Section 523(a)(7),* is unambiguous, and that legislative statements or legislative history should not, therefore, change the clear meaning of the words enacted," Debtors' Brief p. 7. A single undefined term, e.g. "penalty," standing alone, is never unambiguous, for its context must always be taken into account in determining its meaning, 73 AM.JUR.2D, supra, § 213 n. 72–76. When § 523(a)(7) is considered in context with § 523(a)(1)(A) and § 507(a)(7)(C), it appears that *either* (1) the statutes are ambiguous in their use of the terms "tax" and "penalty;" *or* (2) if there is anything unambiguous about these statutes, it is that a liability "in whatever capacity" for "a tax required to be collected or withheld" has priority status and is nondischargeable— which includes Debtors' liability herein as responsible officers.

IT IS THEREFORE ORDERED that Debtors' prayer for determination that any debts owed U.S.A. under 26 U.S.C. § 6672 are dischargeable pursuant to 11 U.S.C. § 523(a)(7)(B) be, and the same is hereby, DENIED; and that any debt owed U.S.A. under 26 U.S.C. § 6672 is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A) incorporating 11 U.S.C. § 507(a)(7)(C).

AND IT IS SO ORDERED.