**In re Robert Allen GARRETT, Debtor.**

**Robert Allen GARRETT, Plaintiff,**

**v.**

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 88–00226–NT.**
**Adv. No. 89–1720–NT.**

United States Bankruptcy Court,
E.D. Virginia,
Norfolk Division.

Jan. 8, 1991.

Carl E. Eason, Jr., Pretlow, Harry & Eason, Suffolk, Va., for plaintiff/debtor.

Susan L. Watt, Asst. U.S. Atty., Walter E. Hoffman, Norfolk, Va., Harry J. Giacometti, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

## MEMORANDUM OPINION

The debtor filed a complaint against the Internal Revenue Service which requires this court to decide whether a federal tax debt of the debtor was discharged by his chapter 7 discharge in bankruptcy.

### Facts

The facts are fully stipulated.

On April 11, 1985, the IRS assessed against the debtor a 100 percent tax penal-ty pursuant to Internal Revenue Code § 6672, 26 U.S.C. § 6672. The assessment was based upon IRS's determination that debtor was a person required by law to account for and pay over the withholding taxes of a corporation during the year 1982.

Debtor filed a chapter 7 bankruptcy petition on January 22, 1988, and was granted a discharge in bankruptcy on May 11, 1988.

### Discussion And Conclusions

The sole issue before the court is whether the 100 percent tax penalty imposed under IRC § 6672 was excepted from the debtor's bankruptcy discharge by virtue of 11 U.S.C. § 523(a)(7)(A).

The pertinent provisions of § 523 of the Bankruptcy Code are:

(a) A discharge under section 727 ... of this title does not discharge an individual from any debt—

(1) for a tax or customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

. . . . .

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, *other than a tax penalty*—

(A) relating to a tax of the kind *not specified* in paragraph (1) of this subsection; or

. . . . .

11 U.S.C. § 523(a)(1), (a)(7) (emphasis added).

Bankruptcy Code § 507(a)(7), which provides a priority in bankruptcy to certain tax claims, includes

"a tax required to be collected or withheld and for which the debtor is liable in whatever capacity."

11 U.S.C. § 507(a)(7)(C). As stated in § 523(a)(1), this type of tax is excepted from discharge.

IRC § 6672 states in part, that:

"Any person required to collect, truthfully account for, and pay over any tax imposed by the Code who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, *in addition to other penalties, be liable to a penalty* equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over." [emphasis supplied.]

26 U.S.C. § 6672. This section is found within the IRC subchapter entitled "Assessable Penalties".

Since § 523(a)(7) allows for the discharge in bankruptcy of tax penalties, it is debtor's position that the § 6672 tax penalty has been discharged in his chapter 7 case.

However, this court agrees with the position of the United States that the liability assessed under IRC § 6672 is a tax and not a tax penalty for the purpose of determining dischargeability under § 523(a)(7). The result is controlled by *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), *reh. denied*, 438 U.S. 907, 98 S.Ct. 3126, 57 L.Ed.2d 1150 (1978), which involved the dischargeability of an IRC § 6672 penalty tax under the former Bankruptcy Act.

In *Sotelo,* The Supreme Court considered the language of § 17(a)(1)(e) of the Bankruptcy Act providing for nondischarge of "taxes ... which the bankrupt has collected or withheld from others ... but has not paid over." 11 U.S.C. § 35(a) (1976 ed.); 436 U.S. at 273, 98 S.Ct. at 1799. Relying heavily on legislative history, the court held that the § 6672 liability, notwithstanding it is stated by the statute to be a penalty, was in actuality a tax for purposes of § 17(a)(1)(e) and therefore nondischargeable in bankruptcy.

The language of Bankruptcy Code § 507(a)(7) quoted above which partially defines taxes excepted from discharge under § 523(a)(1) is similar to that of § 17(a)(1)(e) of the Bankruptcy Act.[1]

A number of courts have followed the Supreme Court's *Sotelo* precedent in holding that the § 6672 penalty is a tax and not a penalty under the Bankruptcy Code and therefore, pursuant to § 523(a)(7), is not dischargeable. *See George v. California State Board of Equalization (In re George),* 95 B.R. 718 (9th Cir. BAP 1989); *Matlock v. United States (In re Matlock),* 104 B.R. 389 (Bankr.N.D.Okla.1989); *In re Clate,* 69 B.R. 506 (Bankr.W.D.Pa.1987); *Clark v. United States (In re Clark),* 64 B.R. 437 (Bankr.M.D.Fla.1986); *In re Hatchett,* 31 B.R. 833, 835 n. 2 (Bankr.E.D. Va.1983).

Debtor has cited no decisions to the contrary. His counsel argues that this court should ignore the existing case law on the issue and follow the "plain language of the statute" reasoning of the Supreme Court's recent decision relative to another Bankruptcy Code section in *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240–41, 109 S.Ct. 1026, 1030–31, 103 L.Ed.2d 290 (1989). It is far from clear that the Supreme Court's approach to statutory construction in *Ron Pair* would produce a different result here. Certainly I am unwilling to abstractly apply the *Ron Pair* rationale and ignore a number of persuasive and specific decisions on the very issue before this court.

A separate order will be entered providing that the subject tax was not discharged in the debtor's chapter 7 case.

---

1. The language of the present Bankruptcy Code section closed a loophole in the Act provision, a matter not relative to the present discussion.

See *Matlock v. United States (In re Matlock),* 104 B.R. 389, 392 (Bankr.N.D.Okla.1989).