**In re William Franklin HARDIN, Donita Lynn Hardin, Debtors.**

**William F. HARDIN, et al., Plaintiffs,**

v.

**UNITED STATES of America, Internal Revenue Service and Commonwealth of Kentucky, Revenue Cabinet, Defendants.**

**Bankruptcy No. 90–00653.
Adv. No. 91–0119.**

United States Bankruptcy Court,
E.D. Kentucky,
Pikeville Division.

March 25, 1992.

---

J. Thomas Hardin, Inez, Ky., for debtors.

David E. Middleton, Asst. U.S. Atty., Lexington, Ky., for the I.R.S.

Donald S. Guier, Frankfort, Ky., for the Com. of Ky. Revenue Cabinet.

Charles H. Keen, Washington, D.C., for the U.S. Dept. of Justice, Tax Div.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the defendants' Motions for Summary Judg-ment and the plaintiffs' Response. The issues to be determined herein are the dis-chargeability of excise taxes, taxes as-sessed under 26 U.S.C. § 6672, and fees and assessments pursuant to Kentucky Re-vised Statutes 131.440 and 141.990(1). The parties have submitted briefs. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This action was initiated by the filing of the plaintiffs' Complaint on May 20, 1991. Therein the plaintiffs contend that various taxes for the years 1984–1988 have been due and owing for more than three years immediately prior to the filing of their bankruptcy petition, that they are not enti-tled to any priority, and that they are dis-charged the same as any other unsecured debt.

The Commonwealth of Kentucky Reve-nue Cabinet ("the Cabinet") filed its An-swer on July 3, 1991, stating that withhold-ing taxes are priority taxes and that the debt for such is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A). The Cabinet also filed a Counterclaim for $168,762.49, with interest to July 3, 1991, and thereafter pursuant to KRS 131.183 for withholding taxes, penalties, and interest. The Internal Revenue Service ("the IRS") filed its An-swer on July 17, 1991.

A Trial Order was issued in this matter on August 15, 1991, setting the trial for November 13, 1991. The Cabinet and the IRS filed their Motions for Summary Judg-ment on October 15, 1991, and October 25, 1991, respectively. The plaintiffs filed their Response to the Cabinet's Motion for Summary Judgment on November 8, 1991. On the trial date the Motions for Summary Judgment were heard, and supplemental briefing time was assigned. An Order sub-mitting the matter was entered herein on November 19, 1991.

It is the Cabinet's position that the state withholding taxes which have been due and owing for more than three years immedi-ately prior to the filing of the petition in bankruptcy are priority taxes pursuant to

**160**

11 U.S.C. § 507(a)(7)(C), which establishes a priority for "a tax required to be collected or withheld and for which the debtor is liable in whatever capacity." The debt for such taxes is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A), which provides that a tax "of the kind ... specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed ..." is not dischargeable.

■■■ Case law supports the Cabinet's position. The court in *In re Torres*, 117 B.R. 379, 384 (Bkrtcy.N.D.Ill.1990), held that "... taxes described in § 507(a)(7)(C), often referred to as 'trust fund taxes', are never dischargeable no matter how long the unpaid tax obligations have been outstanding." In addition, the plaintiffs' argument concerning the Cabinet's failure to file a claim in their bankruptcy case is laid to rest by the language of § 523(a)(1)(A), *supra*, which makes it clear that the filing of a claim is not essential to a finding of nondischargeability.

■■■ Having determined that the debt for state withholding taxes is nondischargeable, the issue that remains concerning the Cabinet is the dischargeability of a cost of collection fee pursuant to KRS 131.440 and jeopardy assessments pursuant to KRS 141.990(1). The Cabinet maintains that both of these provisions are penal in nature, and are therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(7). The Cabinet refers to 3 *Collier on Bankruptcy* ch. 523 (15th ed. 1991) for support of its position.

At ¶ 523.17 pp. 523–145–156, *Collier* discusses tax penalties. This discussion includes the following:

> Paragraph (A) and (B) of section 523(a)(7) set forth the two exceptions to the dischargeability of tax penalties.... Under paragraph (B) if the tax penalty was imposed with respect to a transaction or event that occurred more than three years before the date of the filing of the petition, such penalty is discharged.

Footnote 9 to this paragraph adds that § 523(a)(7)(B) "discharges tax penalties related to *nondischargeable* (emphasis added) tax liabilities incurred more than three years before the filing of the bankruptcy

petition." *Collier* cites *Roberts v. United States*, 906 F.2d 1440 (10th Cir.1990) in support of this position. This Court agrees with the *Roberts* court that § 523(a)(7)(B) renders dischargeable these penalties due on the nondischargeable withholding taxes owed to the Cabinet by the plaintiffs.

As concerns the federal tax debt, the IRS states that plaintiff William F. Hardin is indebted to the United States in the amount of $127,420.56 plus interest as the result of an assessment made under 26 U.S.C. § 6672 arising out of his failure, as a responsible officer, to pay taxes required to be withheld from employees of entities he controlled. The IRS states that the plaintiffs are indebted for excise taxes, interest and penalties for the fourth quarter of 1986 and the first quarters of 1987 and 1988, for a total of $40,409.62. The IRS has filed exhibits showing that returns for these taxes were not timely filed but were filed less than two years prior to the filing of the plaintiffs' bankruptcy petition.

The IRS contends that the tax debts arising from plaintiffs' non-payment of federal excise taxes as set out above are nondischargeable pursuant to 11 U.S.C. 523(a)(1)(B)(ii), which excepts from discharge a debt for a tax "with respect to which a return, if required, was filed after the date on which such return was last due, under applicable law and any extension, and after two years before the date of the filing of the petition." The plaintiffs' quarterly excise tax returns were last due at the end of the month following the end of the quarter for which the return is required. For the quarters set out above the due dates were January 31, 1987, April 30, 1987, and April 30, 1988, but the returns were not filed until 1990.

The plaintiffs filed their bankruptcy petition on December 13, 1990; therefore, any tax for which a return was not timely filed but was filed less than two years prior to the date of filing of the bankruptcy petition (after December 13, 1988) is a tax of the sort described in § 523(a)(1)(B)(ii). The debts arising from the excise taxes described above are therefore nondischargeable pursuant to this subsection.

■■■ Finally, this Court must consider the dischargeability of the assessment

against William Hardin pursuant to 26 U.S.C. § 6672. The IRS maintains that this tax debt is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(1)(A) and 507(a)(7)(C). The plaintiffs respond that the debt is dischargeable pursuant to § 523(a)(7)(B). The court in *In re Garrett*, 126 B.R. 486 (Bkrtcy.E.D.Va.1991), citing many of the cases relied upon by the IRS, supports the position of the IRS on this issue. That court stated that it

> agree[d] with the position of the United States that the liability assessed under IRC § 6672 is a tax and not a tax penalty for the purpose of determining dischargeability under § 523(a)(7). The result is controlled by *United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978), *reh. denied*, 438 U.S. 907, 98 S.Ct. 3126, 57 L.Ed.2d 1150 (1978), which involved the dischargeability of an IRC § 6672 penalty tax under the former Bankruptcy Act.
>
> ... Relying heavily on legislative history, the court held that the § 6672 liability, notwithstanding it is stated by the statute to be a penalty, was in actuality a tax for purposes of § 17(a)(1)(e) and therefore nondischargeable in bankruptcy.
>
> The language of Bankruptcy Code § 507(a)(7) ... which partially defines taxes excepted from discharge under § 523(a)(1) is similar to that of § 17(a)(1)(e) of the Bankruptcy Act.

At 488.

In conclusion, therefore, it is the opinion of this Court, based on all of the foregoing, that the plaintiffs' debt to the Cabinet for withholding taxes assessed for the periods May 1986, and November 1986 through June 1987 inclusively, and the interest thereon, is nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(A). Penalties assessed in regard to such taxes are dischargeable, however, pursuant to § 523(a)(7)(B). The plaintiffs' debt to the IRS for federal excise taxes for the fourth quarter of 1986 and the first quarters of 1987 and 1988, and the interest thereon, is nondischarge-

able pursuant to § 523(a)(1). In addition, the assessment against William Hardin pursuant to 26 U.S.C. § 6672, and the interest thereon, is nondischargeable pursuant to § 523(a)(1).

A Judgment in conformity with this opinion will be entered separately.