In re Robert O. OLSON, Debtor.

Robert O. OLSON, Plaintiff,

v.

UNITED STATES of America, acting through the INTERNAL REVENUE SERVICE, UNITED STATES DEPARTMENT OF TREASURY, Defendant.

Bankruptcy No. 91–05291.
Adv. No. 92–7020.

United States Bankruptcy Court,
D. North Dakota.

Feb. 17, 1993.

Robert Slorby, Minot, ND, for plaintiff.

Thomas Linguanti, Washington, DC, for defendant.

Phillip Armstrong, Minot, ND, Ch. 12 Trustee.

### *ORDER*

WILLIAM A. HILL, Bankruptcy Judge.

Before the court is a Motion for Summary Judgment filed on January 28, 1993, by the defendant, United States of America, acting through the Internal Revenue Service (IRS) arising from the Complaint filed by the Plaintiff/Debtor, Robert O. Olson on February 18, 1992. In the Complaint, the Debtor asks the court to determine (1) the dischargeability of certain claims of the IRS stemming from unpaid federal income taxes; (2) whether the IRS' federal tax liens securing the tax liabilities may be avoided; and (3) the IRS' security interests which he believes is limited to $63,000.00 and that said value is the only amount he is obligated to pay.

The Debtor was also the subject of an earlier federal criminal action wherein the federal district court ruled in favor of the IRS, awarding it $12,442.36 in restitution for the Debtor's failure to pay federal income taxes. Consequently, in its Motion for Summary Judgment, the IRS contends that the majority of the Debtor's tax debts as well as the criminal judgment against the Debtor are nondischargeable and those debts which are dischargeable are subject to tax liens which it holds. The IRS further contends that it is an oversecured creditor by at least $36,000.00 by virtue of the appraisals provided by both parties.

Summary Judgment is available when the pleadings and other documents on file

show there to exist no genuine issue as to any material fact and where the moving party is entitled to summary judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Froholm v. Cox*, 934 F.2d 959 (8th Cir.1991). The burden rests upon the movant to establish the lack of any material fact with the party opposing the motion given the benefit of all favorable inferences. *Simmons v. Diamond Shamrock Corp.*, 844 F.2d 517 (8th Cir.1988). In considering the merits of a motion for summary judgment it is not the court's function to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Johnson v. Enron Corp.*, 906 F.2d 1234 (8th Cir.1990).

It is with the foregoing standard and a complete review of the pleadings, and the submitted exhibits that the court proceeds to resolve the issues raised by the parties herein.

1.

The facts are not disputed. The Debtor filed a Chapter 12 bankruptcy petition on March 25, 1991, which petition listed the IRS as a creditor for personal income taxes. The IRS appears to be the only creditor of significance in this case. Prior to the commencement of the petition, the IRS assessed federal income tax deficiencies against the Debtor for the tax years 1977 through 1988. It then filed a proof of claim against the Debtor in the amount of $160,370.62 on April 16, 1991. Subsequent to the assessment, the Debtor filed amended tax returns for the aforementioned years, whereby the IRS reduced the deficiencies accordingly. In its third amended proof of claim, the IRS claims that the Debtor is indebted to it in the secured amount of $56,915.62 from tax liabilities and an unsecured amount of $12,442.36 from a criminal judgement entered against the Debtor. Included in the $56,915.62 is $40.00 for fees and costs charged against the Debtor in 1984 and 1987. From the exhibits provided to the court, the taxes, penalties and interests after the filing of the amended tax returns are as follows:

| Tax Year | Date Tax Filed | Initial Date Tax Assessed | Remaining Tax Due | Penalty to Petition Date | Interest to Petition Date | Total Liabilities |
|---|---|---|---|---|---|---|
| 1977 | | 08/20/85 | $ 578.78 | $ 0.00 | $ 0.00 | $ 578.78 |
| 1978 | | 08/20/85 | 3,032.00 | 999.98 | 8,944.00 | 12,975.98 |
| 1979 | | 08/20/85 | 1,210.00 | 424.04 | 2,369.71 | 4,003.75 |
| 1980 | 11/04/81 | 08/20/85 | 7,513.67 | 4,429.95 | 18,730.24 | 30,673.86 |
| 1981 | 05/24/90 | 07/16/90 | 0.00 | 0.00 | 0.00 | 0.00 |
| 1982 | 06/01/90 | 07/30/90 | 111.28 | 674.31 | 825.93 | 1,611.52 |
| 1983 | 06/01/90 | 08/06/90 | 655.46 | 311.34 | 844.44 | 1,811.24 |
| 1984 | 08/28/90 | 10/22/90 | 166.79 | 136.69 | 216.73 | 520.21 |
| 1985 | 07/23/90 | 09/10/90 | 471.26 | 485.97 | 571.17 | 1,528.40 |
| 1986 | 08/13/90 | 10/08/90 | 678.91 | 312.97 | 432.20 | 1,424.08 |
| 1987 | 12/20/89 | 03/26/90 | 20.00 | 480.48 | 476.77 | 977.25 |
| 1988 | 01/03/90 | 02/12/90 | 0.00 | 423.24 | 347.31 | 770.55 |
| | | Total | $14,438.15 | $8,678.97 | $33,758.50 | $56,875.62 |

Each of the income tax liabilities from 1977 through 1988 is listed on the IRS' proof of claim as a secured claim based upon the filing of its Notice of Federal Tax Liens pursuant to I.R.C. § 6323 with the Register of Deeds, McLean County, North Dakota. All filings of notices were made prior to the commencement of the Debtor's bankruptcy petition.

The parties dispute over the value of a specific piece of farm property located in

McLean County which is owned by the Debtor and his wife. The farm property has been independently appraised by both the Debtor and IRS. According to the Debtor's appraiser, the fair market value of the farm property is $93,162.00 as of October 20, 1992 (½ of Fair Market Value (232,905.00 divided by 2 = 116,452.50) less a 20% discount based upon the decreased value of a half interest (23,290.50) = $93,-162.00). The fair market value of the farm property as of May 8, 1992, under the IRS' analysis is $305,000.00. Applying the Debtor's methodology to the IRS' appraisal, the Debtor's one-half interest in the property would be $122,000.00 ($152,500 less a 20% discount). For purpose of this motion only, the court will use the Debtor's appraisal value, being the lower of the two.

The IRS also included a pre-petition criminal judgment award in its proof of claim as an unsecured general claim. The claim arose from the order entered by Chief Judge Patrick A. Conmy on April 18, 1990, in the case of *United States v. Robert O. Olson*, No. C1–89–52–01 (D.N.D.1990), requiring the Debtor to make probationary restitution to the IRS in the amount of $12,442.36. The Debtor has made payments on the restitution, and as of February 1, 1993, the balance owed on the restitution is $10,472.36.

The sum of the tax liabilities and the probationary restitution do not exceed the value of the farm property, and accordingly, the IRS is an oversecured creditor by at least $36,000.

### 2.

■ The burden of proving that the Debtor's tax liabilities are nondischargeable is on the IRS. *In re Berzon*, 145 B.R. 247 (Bankr.N.D.Ill.1992); *In re Fernandez*, 112 B.R. 888 (Bankr.N.D.Ohio 1990). This burden placed upon the IRS to establish nondischargeability is by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Section 523(a)'s exception to discharge sets forth the parameters in which a tax debt may not be discharged. The court begins its analysis by addressing the dis-chargeability of the debt obligations as they relate to the underlying tax liabilities along with the accompanying penalties and interest.

The dischargeability issue regarding the 1981 tax liability is moot in light of the fact that all outstanding tax obligations have been reduced to zero. With respect to the 1982 through 1988 income tax liabilities, the IRS alleges that the said liabilities are not dischargeable pursuant to sections 507(a)(7) and 523(a). The relevant portions of section 507(a)(7) are as follows:

(a) The following expenses and claims have priority in the following order:

(7) Seventh, allowed *unsecured claims* of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition . . .

11 U.S.C. § 507(a)(7). (emphasis added).

Section 523(a) states that:

(a) A discharge under section . . . 1228(a), 1228(b) . . . of this title does not discharge an individual debtor from any debt—

(1) for a tax . . .

(A) of the kind and for the period specified in section . . . 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;

(B) with respect to which a return, if required—

(i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under an extension, and

after two years before the date of the filing of the petition;  or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax;

11 U.S.C. § 523(a).

The IRS maintains that the combined effect of sections 507 and 523 is to render income tax debts nondischargeable if the debts are deemed priority claims under section 507(a)(7).  However, what the IRS failed to recognize is that the plain language of section 507(a)(7) states that its application only pertains to unsecured claims.  This is to protect unsecured creditors in the likely event that there will be insufficient funds in the estate to distribute if all taxes were to be paid in full as a priority.  *See, In re Healis,* 49 B.R. 939 (Bankr.M.D.Pa.1985).  Because the IRS has recorded its Notice of Federal Tax Lien pre-petition, it is a secured creditor, and the priority rules of section 507(a)(7) are inapplicable.  1A *Collier on Bankruptcy* ¶ 11.-04[2] (15th ed. 1992).  Both parties acknowledge that the IRS is an oversecured creditor based upon their independent appraisals;  therefore, no portions of the IRS claims are deemed unsecured.

Despite the IRS' erroneous application of section 507(a)(7) to the 1982 through 1988 tax liabilities, the tax debts for the said periods, may nevertheless be excepted from discharge pursuant to other provisions of section 523(a)(1).  The court will first address the 1982 through 1988 tax debts with respect to section 523(a)(1)(C) which provides that in order for the IRS to establish nondischargeability, the tax returns must have been filed fraudulently or in an attempt to evade or defeat the tax responsibilities.  No evidence demonstrates that the Debtor filed his tax return fraudulently.  The evidence only points to an untimely filing of tax returns.  Without more, this court must conclude that the tax debts for 1982 through 1986 in the instant case cannot be deemed excepted from discharge under section 523(a)(1)(C).

Section 523(a)(1)(B) is straight forward.  It denies relief from any taxes owed on returns filed late and within two years before a debtor's bankruptcy filing or such that returns were required, but were not filed.  The tax obligations cannot be excepted from discharge under section 523(a)(1)(B)(i) because the exhibits clearly indicate that the Debtor filed his tax returns for the periods in question, albeit late.  However, under section 523(a)(1)(B)(ii), the 1982 through 1988 tax liabilities are nondischargeable since the Debtor filed his tax returns late and within two years of his March 21, 1991 petition.  The dates on which the returns were filed range from the earliest of December 20, 1989, to the latest of August 28, 1990, all of which easily fall within the time constraints of section 523(a)(1)(B)(ii).  Therefore, the court must find the 1982 through 1988 tax liabilities nondischargeable.  *See, e.g., In re Hardin,* 140 B.R. 158 (Bankr. E.D.Ky.1992);  *Matter of Stoll,* 132 B.R. 782 (Bankr.N.D.Ga.1990);  *In re Slater,* 96 B.R. 867 (Bankr.C.D.Ill.1989).

Unless specifically identified as nondischargeable, if a debtor is entitled to a discharge the debtor's tax liabilities will be discharged.  *See* I.R.M. 57(13)4.42;  1A *Collier on Bankruptcy* ¶ 11.04[4] (15th ed. 1992).  Accordingly, the 1977 through 1980 tax liabilities will be deemed dischargeable, which the IRS readily concedes.

### 3.

The court now turns to the issue of whether the Debtor can avoid a portion or all of the IRS' tax liens pursuant to section 506(d).  Section 506(d) provides that:

(d) to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title;  or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d).

Under 26 U.S.C. § 6321, notice of assessment for unpaid tax liabilities cre-

ates a lien on all property of the taxpayer, both real and personal. Once a taxpayer files for bankruptcy and receives a discharge, he is relieved of personal liability for dischargeable tax debts. This discharge, however, does not automatically invalidate tax liens securing dischargeable debts, to the extent of the value of the collateral. *In re Leavell,* 124 B.R. 535 (Bankr.S.D.Ill.1991); *In re Leslie,* 103 B.R. 775 (Bankr.S.D.W.Va.1989). Although some of the Debtor's underlying tax liabilities for certain tax years are dischargeable, the IRS' tax liens against the Debtor is not dischargeable because it has properly recorded its Notices of Federal Tax Lien, thereby making the Debtor personally liable for the underlying taxes. Various courts have expressed similar sentiments as those espoused by the IRS. In *In re Isom,* 901 F.2d 744 (9th Cir.1990), the court concluded that although a title 11 discharge prevents the IRS from collecting against the debtors individually, the discharge does not, however, thwart the IRS from collecting its judgment from the property subject to the tax lien and the lien is not released unit it is paid. In *In re Rouse,* 141 B.R. 218 (Bankr.W.D.Okla.1992), the court held that properly perfected prepetition tax lien was not discharged even though the underlying tax liability was discharged. In another case, *In re Holland,* 102 B.R. 208 (Bankr.S.D.Cal.1989), it was determined that a valid tax lien will survive the bankruptcy and is enforceable against all of the debtor's property, whether it be exempt or non-exempt. Because the IRS has properly recorded its tax liens securing the tax liabilities, said liens are valid and therefore nondischargeable.

■■■■■ While the tax liens are nondischargeable, the treatment of tax liens securing nondischargeable tax debts and tax liens securing dischargeable tax obligations is different. The difference is that the later survive bankruptcy only as to the debtor's prepetition property. Liens securing nondischargeable debts attach to both the debtor's prepetition and postpetition

property. Thus, a bankruptcy discharge in the instant case will not spontaneously relieve the Debtor of his personal liabilities for the tax debts nor affect the tax liens securing the debts in light of the fact that the IRS recorded a Notice of Federal Tax Lien against the Debtor.

4.

■■■■ Having concluded that the 1982 through 1988 tax liabilities are nondischargeable secured debts and that the Debtor's 1977 through 1980 tax liabilities are dischargeable debts subject to the IRS' tax liens, the court now turns its focus on the dischargeability of the interest accrued from the underlying tax debts. Generally, a debtor is liable for the accrual of interest on a tax liability until it is fully paid. I.R.C. § 6601.

■■■■ The IRS filed interest claims against the Debtor in its proof of claim. A claim under 11 U.S.C. § 101(4) is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured, or unsecured." According to *In re Larson,* 862 F.2d 112, 119 (7th Cir.1988), this definition of "claim" as a right of payment has been read to include interest. In support of this view, the *Larson* court relied on section 502 of the Bankruptcy Code which excluded unmatured interest as an allowable claim; therefore, because prepetition interest are considered matured claims, they are allowable. Citing to numerous cases, the court in *Larson* then determined that "[p]re-petition (or matured) interest has therefore been treated as part of the "claim," accorded the same priority status as the underlying liability, and found nondischargeable where the underlying liability is nondischargeable." *Id.* at 119.

■■■■ In the present case, the prepetition interest[1] from the Debtor's 1982 through 1988 tax liabilities must be given

---

1. The IRS may be granted postpetition interest on its oversecured tax lien claims, but because such request was never made, the court will not

address the postpetition interest issues. *See, In re Hanna,* 872 F.2d 829 (8th Cir.1989).

nondischargeable status since the underlying tax liabilities are nondischargeable. Although the 1988 underlying tax liability is reduced to zero as a result of the payments received from the Debtor after the income tax deficiency assessments were made against him, the obligation to pay the interest on such deficiencies from the time the taxes became due until the elimination of the deficiencies cannot be abated. *In re Hopkins*, 131 B.R. 308 (Bankr.N.D.Tex. 1991).[2] Therefore the IRS' interest claims for the years 1982 through 1988 against the Debtor arising from the underlying tax debts are nondischargeable.

The prepetition interest for the remaining years, 1977 through 1980, are subject to tax liens and therefore will be deemed nondischargeable since a claim includes the right to interest.

5.

The IRS also seeks to have the court determine the prepetition penalties arising from the Debtor's deficiencies as nondischargeable claims. Tax penalties are treated differently than tax interests. *In re Torres*, 143 B.R. 183 (Bankr.N.D.Ill.1992). The relevant section is 523(a)(7)[3] which provides that:

A discharge under section 1228(a), 1228(b) ... of this title does not discharge an individual debtor from any debt—

(7) to the extent such a debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before

three years before the date of the filing of the petition; ...

11 U.S.C. § 523(a)(7).

This court adopts the Ninth Circuit's application of section 523(a)(7) in the context of penalties arising from tax liabilities. *McKay v. United States*, 957 F.2d 689 (9th Cir.1992). The *McKay* court's analysis of section 523(a)(7) can be separated into four basic divisions.

(1) Initially, section 523(a)(7) makes nondischargeable any penalties owed to a government unit.

(2) Withdrawn from the nondischargeable group are penalties, fines, or forfeitures for "actual pecuniary loss."

(3) Withdrawn from the nondischargeable group are tax penalties attributable to taxes which are dischargeable.

(4) Finally, withdrawn from the nondischargeable group are any tax penalties imposed with respect to a transaction or event that occurred before three years before the date of the bankruptcy filing.

*Id.* 957 F.2d at 693.

The *McKay* approach can be summarized as follows: If the tax underlying the penalty is dischargeable or if the transaction or event that caused the penalty occurred more than three years before the filing, then the tax penalty is a nonpriority, dischargeable tax claim. However, recognizing that there is evidence in the Legislative History which suggests that Congress did not intend the conclusion reached by it, the *McKay* court addressed this concern by stating that "[w]e, like other circuits which have carefully considered this issue, have adhered to the language of the statute.... Amendment, as opposed to interpretation, is for the Congress." *McKay* at 694.

Thus, applying the *McKay* approach, the penalties arising from the Debtor's underlying 1987 and 1988 tax debts must be considered nondischargeable since the penalties for the said years do not fall within any of the parameters withdrawing

**2.** Although the *Hopkins* court dealt with a deficiency reduction by reason of a carryback of a net operating loss, this court does not believe such distinction is significant to warrant its non-application.

**3.** Section 507(a)(7)(G) is inapplicable because the IRS is a secured creditor.

the penalties from nondischargeable status. First, the penalties are not for actual pecuniary losses. Second, the 1987 and 1988 tax liabilities, as the court ruled earlier, are nondischargeable debts. Third, the penalties arose from the Debtor's failure to file his 1987 and 1988 returns timely. The tax returns were due on April 15, 1988 and April 15, 1989, which dates are within three years before the petition date in March 1991. Accordingly, the assessed penalties for the 1987 and 1988 years are nondischargeable.

■■■ The 1982 through 1986 penalties, despite the nondischargeability status of the underlying tax debts, are dischargeable because the acts that gave rise to the penalty assessments took place more than three years before the bankruptcy filing. While the Eighth Circuit in *In re Hanna*, 872 F.2d 829 (8th Cir.1989), supports the proposition that whether tax penalties are dischargeable or nondischargeable depend on the dischargeability status of the underlying tax claims rather than on the occurrence of an event three years before the petition date, *Hanna* is distinguishable from the issue at hand. The issue before the *Hanna* court was whether *postpetition* tax penalties are nondischargeable obligations. Furthermore, most courts adhere to the plain language of section 523(a)(7) requiring that tax penalties be classified as nondischargeable, unless the penalties arose out of dischargeable taxes which are themselves dischargeable or that the penalties arose out of events that happened more than three years before the petition date. *See, McKay, supra; In re Roberts*, 906 F.2d 1440 (10th Cir.1990); *In re Burns*, 887 F.2d 1541 (11th Cir.1989); *Torres, supra; In re Roberts*, 129 B.R. 171 (C.D.Ill. 1991).[4] In accordance with most courts, this court holds that tax penalties based upon acts that occurred more than three years before the bankruptcy filing are dischargeable regardless of the dischargeability status of the underlying tax debts. Therefore, the penalties originating from the underlying taxes of the 1977 through 1980 and 1982 through 1986 years are dischargeable.

■■■ Though the prepetition tax penalties for the periods 1977 through 1980 and 1982 through 1986 are dischargeable as discussed above, the tax liens against the Debtor's property will survive a bankruptcy discharge. Because the IRS is an oversecured creditor, the value of his security is sufficient not only to satisfy the principal amount of the claims, but also to satisfy any prepetition penalties. Accordingly, such penalties are also considered nondischargeable debts.

### 6.

■■■ Finally, the IRS relying on *United States v. Vetter*, 895 F.2d 456 (8th Cir. 1990), argues that restitution orders entered as part of criminal sentences imposed by federal courts are nondischargeable. This court agrees. The Eighth Circuit adopted and extended the United States Supreme Court's reasoning in *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) concerning the dischargeability of court ordered restitutions. The Supreme Court stated that restitution orders resulting from criminal proceedings does not enforce the victim's desire for compensation, but rather to ensure the administration of the State's interests in rehabilitation and punishment. Such restitution orders fall within section 523(a)(7) and is not subject to a discharge. *Id.* at 52–53, 107 S.Ct. at 362–63. The Eighth Circuit, like the Fifth Circuit in *United States v. Caddell*, 830 F.2d 36 (5th Cir.1987), extended the *Kelly* rationale to incorporate federal restitution orders as well.

■■■ In the instant case, the Debtor was criminally charged for failing to pay income taxes. As a condition of his proba-

---

4. The Seventh Circuit in *Cassidy v. Commissioner of Internal Revenue*, 814 F.2d 477 (7th Cir. 1987), ignoring the language of section 523(a)(7), held that fraud penalties are nondischargeable if the underlying tax are nondischargeable without regard to the year in which the acts which resulted in the penalty arose. The Seventh Circuit subsequently declared that its prior opinion on the section 523(a)(7) issue as dicta. *Matter of Cassidy*, 892 F.2d 637, 640 (7th Cir.1990), *cert. denied*, 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990).

tion, the Debtor must make restitution to the IRS in the amount of $12,442.36. As a further condition of his probation, the Debtor is required to make a good-faith effort to settle pending matters with the IRS, including making payments of all final assessment, filing of all past due tax returns. It is clear that the Debtor must fulfill both conditions, independent of each other. It was not until the probationary conditions were set out that the Debtor then filed his 1981 through 1986 tax returns. Ostensibly, the aim of the $12,442.36 restitution was not to compensate the Government for its pecuniary loss nor was it to make it whole, but rather to punish the Debtor for his failure to pay income taxes. Hence, the remaining $10,472.36 in restitution owing to the IRS as part of the Debtor's criminal sentence is not dischargeable.

Accordingly, it is **ORDERED** that the motion of the Internal Revenue Service for summary judgment is hereby **GRANTED**. It is further **ORDERED** that the Internal Revenue Services' tax liens are valid and enforceable against the Debtor, Robert O. Olson. It is further **ORDERED** that the Debtor's liabilities for income taxes and the corresponding interest and penalties in the amount of $56,915.62 are nondischargeable, and those debts which the court has determined as dischargeable are subject to the Internal Revenue Service's tax liens, thereby making the otherwise dischargeable debt nondischargeable. It is further **ORDERED** that the Internal Revenue Service's probationary restitution award in the amount of $10,472.36 is nondischargeable.

**SO ORDERED.**