In re Gary BURKE, Pamela B. Burke, Debtors.

Gary BURKE, Pamela B. Burke, Plaintiffs,

v.

UNITED STATES of America, Acting By and Through its Agency the INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 92–11482.
Adversary No. 95–01043A.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

July 18, 1996.

Angela C. McElroy, McElroy & Toole, Augusta, Georgia, for Plaintiffs.

Brian P. Kaufman, Trial Attorney, Tax Division, Washington, DC, for Defendant.

## ORDER

JOHN S. DALIS, Bankruptcy Judge.

Gary and Pamela Burke brought this adversary proceeding against the United States of America, acting by and through its agency the Internal Revenue Service (hereinafter "IRS") alleging violation of the automatic stay and of the post-discharge injunction. The IRS filed a motion for summary judgment alleging that no stay was in effect when the IRS instituted its collections efforts and denying that the post-discharge injunction applied to the debts in issue. For the reason that follow, the IRS' motion is granted.

Under Federal Rule of Civil Procedure 56 (applicable to bankruptcy cases under Federal Rule of Bankruptcy Procedure 7056), this Court will grant summary judgment only if "... there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of establishing its right of summary judgment. See, Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991). The evidence must be viewed in a light most favorable to the party opposing the motion. See, Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). The Court has jurisdiction to hear this matter as a core proceeding under 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 1334.

The material facts are summarized as follows. For the years 1980 through 1982, Gary Burke filed income tax returns, separately from Pamela B. Burke his wife, which returns contained the response "Object—Self Incrimination" on each line of the returns. On March 1, 1984, Mr. Burke was charged with criminal willful failure to file proper tax returns for the years 1980 and 1981. The Honorable Magistrate Judge John W. Dunsmore, Jr. convicted Mr. Burke under 26 U.S.C. § 7203 on September 14, 1994, and sentenced him to one year in federal prison for each count plus five years of probation to run after Mr. Burke's release from prison. After serving approximately ten months in prison, Mr. Burke was released and began his probation period. Two of the "special conditions" of probation required Mr. Burke to file legal tax returns each year beginning with the tax year 1984 and to pay all taxes, penalties and interest owed the United States as determined by the IRS. These provisions required Mr. Burke to pay the taxes he owed prior to his release from prison (1980–1985), as well as the taxes which came due during his probation period (1986–1990).

Mr. and Mrs. Burke filed a Chapter 13 petition on August 14, 1992. The IRS filed a proof of claim asserting that the entire balance of the taxes owed constituted a nondischargeable priority debt. The Debtors objected to this claim, and the IRS ultimately submitted amended proofs of claims listing the IRS as holding a general unsecured debt of $118,543.79 and a secured claim of $1,094.00. On July 20, 1993, the Debtors converted their case to Chapter 7. On February 1, 1994, a discharge of debts was granted excepting therefrom those debts falling under 11 U.S.C. § 523(a)(1), (3), (5), (7), (8) & (9). The case was closed shortly thereafter with no action taken to determine the dischargeability of the IRS claim under any of the above-listed exception provisions.

On November 14, 1994, the IRS began sending collection letters to Mr. Burke for the taxes owed for 1980 through 1984. On January 27, 1995, the Debtors moved the court to reopen their Chapter 7 case, which motion was granted on March 7, 1995. In April, 1995, the IRS levied upon the Debtors' bank account at First State Bank. The Debtors allege that the IRS' post-discharge collection attempts constitute violations of the post-discharge injunction, and that the account levy instituted after the reopening of the Chapter 7 case violated the automatic stay of 11 U.S.C. § 362(a).

### 1. The IRS' Collection Efforts Did Not Violate the Post–Discharge Injunction.

Creditors' are enjoined from any attempt to collect a debt discharged in bankruptcy. 11 U.S.C. § 524(a)(2).[1] Whether the IRS violated the post-discharge injunction turns upon whether the IRS debt was discharged. The United States Supreme Court has analyzed under 11 U.S.C. § 523(a)(7)[2] the discharge of debts resulting from a state court criminal order of restitution, and determined that Congress intended to except from discharge such obligations. *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). This holding has been expanded by courts ruling that tax debts owed to the IRS pursuant to restitution orders resulting from criminal convictions for tax evasion are nondischargeable as "fines" under § 523(a)(7). *Olson v. United States*, 154 B.R. 276, 284–85 (Bankr.D.N.D. 1993); *Boch v. United States*, 154 B.R. 647, 659 (Bankr.M.D.Pa.1993); *Fernandez v. Internal Revenue Service*, 112 B.R. 888, 892 (Bankr.N.D.Ohio 1990). I adopt the rationale articulated in these cited cases, and find that the order requiring Mr. Burke to pay all of his taxes, interest and penalties for the years 1980–1990 constitutes a "fine" under § 523(a)(7). Mr. Burke's taxes for these years are not discharged, and therefore the IRS's collection efforts did not violate the post-discharge injunction. Furthermore, the obligation is not a "tax penalty" under § 523(a)(7), and is therefore not subject to the limitations of § 523(a)(7)(A) & (B). *Compare, Pa. Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990) (criminal restitution orders are debts not excepted from discharge in Chapter 13 cases).

The Debtors assert that the IRS' withdrawal of its priority proof of claim for the majority of the taxes owed by Mr. Burke constitutes an acknowledgment that the tax claims were not priority claims under 11 U.S.C. § 507, and a binding determination that the claims were not excepted from discharge under 11 U.S.C. § 523(a)(1)(A).[3] Assuming that the Debtors correctly assert that the tax claims, as non-priority claims, do not fall within the § 523(a)(1)(A) exception to discharge, the claims nonetheless fall within the § 523(a)(7) "fine" exception.

Although the IRS' collection letters were all addressed to Mr. Burke individually, the Debtors allege that the IRS did not limit its collections efforts to Mr. Burke. Instead, the Debtors allege that the IRS levied upon a bank account in which Mrs. Burke held an interest, thus violating the post-discharge injunction as it applies to her. Assuming, without deciding, that Mrs. Burke held an interest in the bank account funds, the IRS did not violate her post-discharge injunction by levying upon those funds to collect Mr. Burke's nondischargeable debt.

Although Mr. Burke's obligations to the IRS are characterized as "fines" for dischargeability purposes, the fines consist of taxes owed to the United States as calculated by the IRS under the criminal sentence imposed by Judge Dunsmore. The IRS instituted collection actions under 26 U.S.C. § 6331(a),[4] which authorizes the IRS to levy

---

**1.** 11 U.S.C. § 524 provides in part:
  (a) A discharge in a case under this title—

    .    .    .    .    .

  (2) operates as an injunction against the commencement or continuance of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; ...

**2.** 11 U.S.C. § 523(a)(7) excepts from discharge any debt: (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other that a tax penalty—
  (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

  (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

**3.** 11 U.S.C. § 523(a)(1)(A) excepts from discharge any debt—
  (1) for a tax or customs duty—
    (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed;

**4.** 26 U.S.C. § 6331(a) provides in part:
  (a) Authority of Secretary. If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax ...

upon *all* property and rights to property belonging to the taxpayer. This provision allows the IRS to collect a tax liability by levying upon a bank account held jointly by the tax-owing debtor and a non tax-owing spouse. *United States v. Nat.'l Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985). Therefore, the IRS' levying upon the joint account constituted an action to collect the debt from Mr. Burke, notwithstanding Ms. Burke's joint interest in the account. If the IRS improperly seizes property in which Ms. Burke holds an interest to collect a debt from her husband, this court in not the proper forum for redress. Ms. Burke should instead recover her interest in the funds via a civil action under 26 U.S.C. § 7426 or administratively under 26 U.S.C. § 6343(b). *Id.* at 727–28, 105 S.Ct. at 2928.

**2. The Automatic Stay was Not Reinstated Upon Reopening the Chapter 7 Case.**

Under 11 U.S.C. § 362(c)(2)(C),[5] the automatic stay expired upon the Debtor's discharge. If, as the Debtors contend, the automatic stay did not terminate as to the IRS claim because the court neither granted nor denied a discharge to this debt, then the stay was terminated when the case was closed under § 362(c)(2)(A). See, note 5; *e.g. In re Trevino,* 78 B.R. 29, 37 (Bankr. M.D.Pa.1987). Under either provision, the automatic stay terminated prior to the IRS's post-petition attempts to collect the tax debt.

The Debtors argue that reopening the case automatically reinstated the stay. However, the Code does not reinstate the automatic stay once it has terminated. *Id.* A plain reading of § 362 imposes an automatic stay only upon the filing of a petition under this title.[6] Reopening does not impose the stay of § 362(a). *Id.; see also, In re Gruetzmacher,* 145 B.R. 270, 272 (W.D.Wis. 1991). Although 11 U.S.C. § 105[7] empowers the court to enjoin collection efforts upon the reopening of a case, the Debtors failed to request such relief.

It is therefore ORDERED that the IRS' Motion for Summary Judgment is GRANTED.

---

by levy upon all property and rights to property ... belonging to such person ...

**5.** 11 U.S.C. § 362(c) provides:

(c) Except as provided in subsections (d), (e), and (f) of this section—
  (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
    (A) the time the case is closed;
    (B) the time the case is dismissed; or
    (C) if the case is a case under Chapter 7 of this title concerning an individual or a case

under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

**6.** 11 U.S.C. § 362(a) provides:

(a) Except as provided in subsection (b) of this section, *a petition filed* under section 301, 302, or 303 of this title, ... operates as a stay, applicable to all entities, ... (emphasis added)

**7.** 11 U.S.C. § 105 provides in part:

(a) The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.