In re James A. RINKER, Sr., Debtor.

James A. Rinker, Sr., Plaintiff,

v.

United States of America Acting by and Through the Internal Revenue Service, Defendant.

Bankruptcy No. 96–10326.
Adversary No. 98–01046A.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

March 16, 1999.

**918**

John B. Long, Dye, Tucker, Everitt, Wheale & Long, Augusta, GA, for plaintiff.

Brian P. Kaufman, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, D.C., Edmund A. Booth, Jr., Office of the United States Attorney, Augusta, GA, for defendant.

## ORDER

JOHN S. DALIS, Chief Judge.

James A. Rinker, Sr. ("Plaintiff"), brought this adversary proceeding against the United States of America acting by and through the Internal Revenue Service ("IRS") to determine the dischargeability of certain obligations due the IRS arising from taxable years 1983, 1984, and 1985. The IRS responded with a motion for summary judgment seeking a determination of nondischargeable. The motion of the IRS is granted.

On January 5, 1989, Plaintiff was indicted for violation of 26 U.S.C. § 7201, "Attempt to Evade or Defeat Tax". Count one of the indictment was in reference to taxable year 1984 and count two was in reference to taxable year 1985. On July 21, 1989 the Plaintiff was convicted in the United States District Court for the South-ern District of Georgia on both counts. The evidence established that Plaintiff intentionally filed numerous fraudulent W–4 Form withholding statements and failed to file federal income tax returns for taxable years 1983, 1984, 1985, 1986, and 1987. The District Court conviction was upheld on appeal by the United States Court of Appeals for the Eleventh Circuit. On July 26, 1989 Plaintiff was sentenced to serve one year and one day in federal prison with respect to count one, and was placed under five years probation with respect to count two. In addition, the District Court imposed "special conditions" upon the probation, which included:

1. The defendant shall abide by the usual terms and conditions of probation established in this district by local rule.
2. The defendant shall not own, use, or possess a firearm of any type.
3. The defendant shall file all past due returns.
4. The defendant shall cooperate fully with the Internal Revenue Service and pay all taxes, interest and penalties.
5. The defendant shall file all subsequent income tax forms within the regular filing period established and approved by the Internal Revenue Service, and submit a copy of his income tax return to the probation officer.

There exists a dispute over whether Plaintiff satisfied "special condition" number 3, requiring him to file all past due returns. Plaintiff contends that this condition was met when he met with Ms. Tammy A. England, an employee of the IRS, and signed a Form 4549 and Form 870. Plaintiff contends that the Form 4549 determines his balance of taxes owed, before interest or penalties, to be $11,957.00 for taxable year 1983, $11,455.00 for taxable year 1984, and $23,755.00 for taxable year 1985. Plaintiff contends that these forms constitute substitute returns and satisfy "special condition" number 3 as to taxable years 1983, 1984, and 1985. The IRS contends that Plaintiff has not filed his federal returns for the taxable years 1983, 1984, or

1985. The IRS acknowledges that it prepared a "Substitute for Return" for Plaintiff but argues that this does not satisfy "special condition" number 3. According to the IRS, as of April 5, 1998 Plaintiff's taxes, interest and penalties have accumulated to $69,308.25 for taxable year 1983, $59,996.18 for taxable year 1984, and $144,041.85 for taxable year 1985. The IRS's claim for the three years in question totals $273,246.20.

On February 12, 1996 Plaintiff filed a chapter 7 bankruptcy petition. Plaintiff received his discharge on May 31, 1996. In response to Plaintiff's motion to reopen his chapter 7 case filed April 1, 1998, the case was reopened April 28, 1998. Plaintiff then brought this adversary proceeding seeking a determination of dischargeability for the debts related to past due taxes for the taxable years 1983, 1984, and 1985. The IRS contends that the total debts for all three taxable years in question constitute "fines" and are thus nondischargeable pursuant to 11 U.S.C. § 523(a)(7).

■ The heart of this dispute centers around the language of the "special conditions" contained in the District Court's sentencing order. Plaintiff contends that the "special conditions" imposed upon his probation did not concern *past due* taxes, interest, and penalties, but rather referred to *future* taxes, interest, and penalties. Plaintiff further contends that the "special condition" referring to taxes, interest, and penalties did not constitute a "fine" or "penalty". The IRS maintains that the plain language of the "special conditions" necessarily encompasses all *past due* taxes, interest, and penalties and that, citing relevant authority, such debt constitutes a "fine" and is nondischargeable pursuant to 11 U.S.C. § 523(a)(7).

■ Federal Rule of Bankruptcy Procedure 7056 incorporates rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, this Court will grant summary judgment only if "...there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of establishing its right of summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The evidence must be viewed in a light most favorable to the party opposing the motion. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Exceptions to discharge are to be construed strictly and the burden rests with the creditor to prove each element justifying the exception. *Schweig v. Hunter (In re Hunter)*, 780 F.2d 1577, 1579 (11th Cir. 1986); *see also* F.R.B.P. 4005. The burden of proof for a complaint under 11 U.S.C. § 523(a) is by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The Court has jurisdiction to hear this matter as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(I).

For resolution is whether the "special conditions" placed upon Plaintiff's probation require payment of all *past due* taxes, interest, and penalties. Plaintiff contends that the "special conditions" require only the filing of past due returns, not the payment of past due taxes, interest, and penalties. He further contends that the "special conditions" only call for payment of taxes, interest, and penalties incurred for all future years. These contentions rely upon an interpretation of the sentencing order the terms of which is not disputed.

I will first address the "special conditions" attached to Plaintiff's probation by the District Court. When the "special conditions" set out by the District Court are read together, it is clear that "special condition" number 4 required Plaintiff to pay taxes, interest, and penalties for any year in which such sums were owed. The conditions do not support Plaintiff's contention that, in reference to past taxable years, all that was required was the filing of returns.

The "special conditions" relevant to this issue are:

3. The defendant shall file all past due returns.

4. The defendant shall cooperate fully with the Internal Revenue Service and pay all taxes, interest and penalties.

5. The defendant shall file all subsequent income tax forms within the regular filing period established and approved by the Internal Revenue Service, and submit a copy of his income tax return to the probation officer.

When ordering Plaintiff to "pay all taxes, interest and penalties", the District Court was ordering Plaintiff to do just that "pay all taxes, interest and penalties" which exist for any year. The District Court was clear in limiting "special condition" number 3 to "all *past due* returns" and again in limiting number 5 to "all *subsequent* income tax forms". If the District Court had intended for "Special condition" number 4 to be limited to all "future" sums owed, then it could have and would have so stated. Rather, the District Court stated that Plaintiff must "pay *all* taxes, interest and penalties". Plaintiff's contention simply makes no sense. According to Plaintiff the intent of the District Court was to require him to file his past due returns including returns for the years convicted for tax evasion, require him to file all future returns during the period of probation but only require him to pay the tax due for years other than for the years encompassed in his conviction. The Plaintiff in essence contends he traded prison time for his tax obligation. The Plaintiff went to prison for attempting to evade the payment of taxes. It is clear that the purpose of "special condition" number 3

was to determine the amount of taxes owed for each taxable year in which Plaintiff failed to file a return, and then to collect that amount, with interest and penalty, pursuant to "special condition" number 4. Therefore, I conclude that Plaintiff was required to pay all taxes, interest, and penalties for any year in which such sums are owed as a special condition of his probation.

■ Left for determination is whether this debt is nondischargeable pursuant to 11 U.S.C. § 523(a)(7)[1]. The relevant facts of this case are similar to those I addressed in *Burke v. United States Internal Revenue Service (In re Burke)*, 198 B.R. 412 (Bkrtcy.S.D.Ga.1996). *Burke* involved similar sentencing "conditions" as those imposed in this action. The relevant condition imposed upon the debtor in *Burke* stated, "[p]ay all taxes, penalties, and interest owed the United States determined by the Internal Revenue Service". As in this case, I concluded in *Burke* that this condition encompassed past and future tax obligations. I further concluded that such obligations, being a tax debt owed to the IRS pursuant to a restitution order resulting from a criminal conviction for tax evasion, is nondischargeable as a "fine" under § 523(a)(7). *In re Burke*, at 415. This conclusion is equally applicable here.

■ The United States Supreme Court has analyzed the application of § 523(a)(7) to debts resulting from a state court criminal order of restitution. In *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986), the Court concluded that Congress intended to except such obligations from discharge. The Court in *Kelly* determined that federal bankruptcy courts should not remit, or invalidate, state

---

1. 11 U.S.C. § 523(a)(7):

(a) A discharge under section 727, 1141, 1228(a), or 1328(b) of this title does not discharge an individual debtor from any debt—

(7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—

(A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or

(B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

court judgments. The reasoning of *Kelly* has been expanded to include cases where the debt is owed to the IRS. "[T]ax debts owed to the IRS pursuant to restitution orders resulting from criminal convictions for tax evasion are nondischargeable as 'fines' under § 523(a)(7)." *In re Burke*, at 415 (*citing Olson v. United States*, 154 B.R. 276, 284–285 (Bankr.D.N.D.1993); *Boch v. United States*, 154 B.R. 647, 659 (Bankr.M.D.Pa.1993); *Fernandez v. Internal Revenue Service*, 112 B.R. 888, 892 (Bankr.N.D.Ohio 1990). Furthermore, since the obligation is a "fine" and not a "tax penalty", it is not subject to the limitations of § 523(a)(7)(A) & (B). *In re Burke*, 415. Therefore, as there is no dispute as to any material fact in this case and the debt in question is nondischargeable as a matter of law, the motion for summary judgment by the IRS is granted.[2] Having determined that the IRS is entitled to summary judgment under § 523(a)(7), whether the debtor complied with paragraph 3 of the District Court sentence is not relevant to dischargeability.

It is, therefore, ORDERED that the IRS's motion for summary judgment is granted determining that all tax obligations including accrued interest and penalties of James A. Rinker, Sr. due the United States of America for years 1983, 1984, and 1985 are excepted from James A. Rinker, Sr's discharge in case No. 96–10326.

---

**2.** The IRS in its answer merely sought a determination of nondischargeability but not a determination of the amount of liability.