**In re James Anthony RINKER, Sr., Debtor.**

**James Anthony Rinker, Sr., Appellant,**

v.

**United States of America, Acting by and Through the Internal Revenue Service, Appellee.**

Bankruptcy No. 96–10326.
No. CV 199–071.

United States District Court,
S.D. Georgia,
Augusta Division.

Aug. 23, 1999.

John B. Long, Dye, Tucker, Everitt, Long & Brewton, PC, Augusta, GA, for James Anthony Rinker, Sr., appellant.

Edmund A. Booth, Jr., U.S. Attorney's Office, Augusta, GA, Brian P. Kaufman, Trial Atty, Tax Division, US, Dept of Justice, Washington, DC, for United States of America, appellee.

## ORDER

BOWEN, Chief Judge.

James Anthony Rinker, Sr. (Rinker), appeals an Order of Chief United States Bankruptcy Judge John S. Dalis, entered March 15, 1999, in the above Chapter 7 bankruptcy case. After careful review, the bankruptcy court's judgment is AFFIRMED for the reasons set forth below.

### I. Background Facts

Rinker contends that the Bankruptcy Court erred in granting the Internal Revenue Service's (IRS) motion for summary judgment. In the Order granting the IRS's motion, the bankruptcy court determined that all tax obligations, including accrued interest and penalties owed to the IRS for the years 1983, 1984, and 1985 were excepted from discharge in Rinker's Chapter 7 bankruptcy case.

On July 21, 1989, Rinker was convicted in the United States District Court for the Southern District of Georgia for "Attempt to Evade or Defeat Tax," in violation of 26 U.S.C. § 7201, for the taxable years 1984 and 1985. *United States v. Rinker*, CR 189–003 (S.D.Ga.1989). The conviction was upheld by the United States Court of Appeals for the Eleventh Circuit. On July 26, 1989, Judge Anthony A. Alaimo sentenced Rinker to serve one year and one day in federal prison and five years probation. The five-year probation was to commence upon expiration of his confinement. In addition, the District Court imposed "special conditions" upon the probation, which included the following:

1. The Defendant shall abide by the usual terms and conditions of proba-

tion established in this district by local rule.

2. The Defendant shall not own, use, or possess a firearm of any type.

3. The Defendant shall file all past due returns.

4. The Defendant shall cooperate fully with the Internal Revenue Service and pay all taxes, interest and penalties.

5. The Defendant shall file all subsequent income tax forms within the regular filing period established and approved by the Internal Revenue Service, and submit a copy of his income tax return to the probation officer.

After Rinker was released from prison, the IRS prepared Substitute Returns for the taxable years 1983, 1984, and 1985. On April 5, 1998, the outstanding balance for these taxable years was $273,346.28. On November 29, 1995, Rinker was released from probation. (Document No. 14. Appellant's Exhibit A).

On February 12, 1996, Rinker filed a Chapter 7 bankruptcy petition and obtained a discharge of his debts on May 31, 1996. This discharge did not include discharge of debts "which are nondischargeable pursuant to Section 523(a)(1), (3), (5), (7), (8), and (9) of the Bankruptcy Code." On April 1, 1998, Rinker filed a motion to reopen his bankruptcy case. After his motion was granted, Rinker filed an adversary proceeding to determine whether his tax liability relating to taxable years 1983, 1984, and 1985 was dischargeable. The IRS filed a motion for summary judgment. The bankruptcy court granted the IRS's motion by an order entered on March 16, 1998, and held that Rinker's federal income tax liabilities for the taxable years 1983, 1984, and 1985 were not dischargeable. Rinker appeals that order.

## II. Standard of Review

On appeal, this court cannot set aside factual findings of the bankruptcy court unless they are clearly erroneous.

Bankruptcy Rule 8013; *In re Club Assocs.*, 951 F.2d 1223 (11th Cir.1992). The bankruptcy court's legal conclusions, however, are reviewed by this Court *de novo. Id.* at 1228; *In re Thomas,* 883 F.2d 991 (11th Cir.1989).

## III. Analysis

Rinker contends on appeal that his debts for unpaid taxes for the years 1983, 1984, and 1985 are dischargeable in bankruptcy. Specifically, Rinker argues that the special conditions of his probation did not require him to pay his past tax liabilities. In the adversary proceeding addressing this issue, Rinker argued that he had satisfied the special conditions of his probation, including number three, which required him to file all past due tax returns. Rinker asserted that he had met with an employee of the IRS and signed Substitute Returns, Forms 4549 and 870. Furthermore, Rinker argued that the requirement of special condition number four of his probation, to pay all taxes, interest and penalties, did not apply to *past* taxable years 1983, 1984, and 1985. Instead, Rinker contended that the special conditions required payment of taxes only for future years.

The IRS, however, argued that Rinker had not satisfied special condition number four, which required him to pay all taxes, interest and penalties. The IRS asserted that this condition, especially when read in conjunction with condition number three, required Rinker to pay all past as well as future tax liabilities. Because Rinker was required to pay these past taxes as a special condition imposed as part of his criminal conviction, the IRS contended that the tax debts were nondischargeable pursuant to 11 U.S.C. § 523(a)(7). (Bankruptcy Order Granting Summary Judgment at 3). Pursuant to 11 U.S.C. § 523(a)(7), debt is not dischargeable "to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty."

Contrary to Rinker's argument, the bankruptcy court held, "that it was clear that the purpose of special condition number three was to determine the amount of taxes owed for each taxable year that the Plaintiff had failed to file a return, and then to collect that amount, with interest and penalty, pursuant to special condition number four." Further, the bankruptcy court concluded that Rinker was required to pay all taxes, interest, and penalties for any year that a sum was owed as a special condition of his probation. (Bankruptcy Order Granting Summary Judgment at 8).

In reaching this conclusion, the bankruptcy court relied on *Burke v. United States Internal Revenue Service*, 198 B.R. 412 (Bkrtcy.S.D.Ga.1996). The court in *Burke* determined that a similar sentencing condition to, "[p]ay all taxes, penalties, and interest owed the United States as determined by the Internal Revenue Service" necessarily included all past and future taxes. Furthermore, the *Burke* court held that a tax debt owed to the IRS pursuant to a restitution order resulting from a criminal conviction for tax evasion was nondischargeable. *Id.* at 415; *see also Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The bankruptcy court concluded that the same principles applied in Rinker's case.

On appeal, Rinker contends that summary judgment should not have been granted in favor of the IRS because: (1) the district court did not intend for him to pay his past due taxes as a special condition of his criminal proceeding; and (2) there was a question of material fact as to the exact meaning of the terms of probation imposed on Rinker.

In support of Rinker's argument that the District Court did not intend to impose an obligation on him to pay his past due taxes, Rinker states that special condition three of his probation provides only that, "the Defendant shall file all past due returns." Rinker contends that there is no express condition that payment of taxes is due with those returns. Further-more, Rinker asserts that special condition four of his probation provides that, "the defendant shall cooperate fully with the Internal Revenue Service and pay all taxes, interest and penalties." The condition does not mention whether tax returns for past years were included. Rinker argues that because the special conditions do not expressly state that he is obligated to pay taxes for past years, he is not obligated to pay the past due taxes as part of the special conditions imposed on him.

The Supreme Court has held that "§ 523(a)(7) preserves from discharge *any condition* a state criminal court imposes as part of a criminal sentence." *Kelly v. Robinson*, 479 U.S. 36, 50, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) (emphasis added). Other courts have applied *Kelly* to prevent discharge of conditions imposed by federal criminal courts. *FDIC v. Soderling*, 998 F.2d 730, 732 (9th Cir.1993); *United States v. Caddell*, 830 F.2d 36, 38 (5th Cir.1987). Further, *Burke v. United States Internal Revenue Service* supports a finding that Rinker's taxes are not dischargeable. 198 B.R. 412 (Bkrtcy.S.D.Ga.1996).

Last, Rinker asserts that the bankruptcy court erred in granting summary judgment because the meaning of the terms of probation imposed upon him are questions of fact. Rinker argues that testimony by the probation officer and the district court judge who sentenced Rinker are necessary to determine the meaning of the special conditions of his probation.

This contention is also without merit. Even if the probation officer interpreted the special conditions as not imposing an obligation on him to pay his past due taxes, the bankruptcy court was still proper in concluding that a condition to pay his past due taxes was imposed on Rinker as part of his criminal conviction. The special conditions imposed on Rinker pursuant to his criminal conviction are unambiguous. Rinker was required to pay his past due taxes for 1983, 1984, and 1985. Rinker's proposed reading of the special conditions

would require him to report his past due taxes but to pay only his future tax liabilities. This reading is not supported by the plain language of the special conditions.[1] Thus, summary judgment in favor of the IRS was correctly granted.

## IV.  CONCLUSION

A careful review of this record supports Chief Judge Dalis's findings of fact in this matter, and I find no fault in his conclusions of law. For the foregoing reasons, the judgment of the bankruptcy court is hereby **AFFIRMED**.

1.  Rinker also contends that the District Court could not have intended for him to pay his past due taxes as a special condition of his probation because a restitution order of such nature would exceed its sentencing authority. A challenge to the legality of the conditions imposed pursuant to a criminal conviction is not properly raised in a bankruptcy appeal.