ACCEPTED
04-14-00360-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/13/2016 12:48:34 PM
KEITH HOTTLE
CLERK

NO. 04-14-00360-CV

IN THE FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
5/13/2016 12:48:34 PM
KEITH E. HOTTLE
Clerk

_____

JENNIFER L. ZUNIGA,

Appellant/Cross-Appellee

vs.

CHRISTOPHER MEDINA (Cross-Appellant), RICHARD MEDINA AND
SHELLY MEDINA,

Appellees

_____

## CROSS-APPELLANT'S MOTION TO REINSTATE APPEAL

_____

TO THE HONORABLE COURT OF APPEALS:

Comes now Cross-Appellant, CHRISTOPHER MEDINA, and pursuant to Tex. R. App. P. 8.3 and 4th TEX. APP. (San Antonio) LOC. R. 4, files this Motion to Reinstate Appeal and in support thereof would show the following:

I.

This is an appeal from a case styled: *Jennifer L. Zuniga v. Christopher J. Medina, Richard Medina and Shelly Medina*, Cause No. 2011-CI-10872, filed in the 408th Judicial District Court, Bexar County, Texas.

II.

The Notice of Appeal was filed on May 30, 2014. Cross-Appellant's Brief was filed on October 27, 2014.

III.

On October 29, 2014, this Court notified all parties that it had received notice that appellee and cross-appellant, Christopher Medina, had filed a bankruptcy case in the Southern District of Texas and the Court entered an order abating this appeal on that date.

IV.

This week, appellate counsel for cross-appellant, Christopher Medina, learned that the automatic stay was terminated and was not reinstated upon the re-opening of Christopher Medina's bankruptcy case. Certified copies of the Motion for Order Under 11 U.S.C.§ 362(j) Confirming Termination of the Automatic Stay and the Bankruptcy Court's Order confirming the termination of the stay are attached to this Motion pursuant to TEX. R. APP. P. 8.3 (Exhibits 1 and 2).

V.

Because the bankruptcy court has terminated the automatic stay, this appeal should be reinstated, and cross-appellant permitted to pursue his right of appeal.

VI.

The undersigned attempted to communicate by email with Mr. Candelario Trevino, one of the attorneys for Appellant/Cross-Appellee, on May 13, 2016. Mr. Trevino has not responded to that email at the time of the filing of this Motion to Reinstate the Appeal.

WHEREFORE, Cross-Appellant, CHRISTOPHER J. MEDINA, prays that his Motion to Reinstate Appeal be granted and upon reinstatement this Court allow the appeal to go forward and establish new briefing deadlines.

Respectfully submitted,


 /s/Thomas F. Nye_____
Thomas F. Nye
State Bar No. 15154025
Gault, Nye & Quintana, L.L.P.
717 Everhart Road, Suite A
Corpus Christi, Texas 78411
(361) 654-7008 Telephone
(361) 654-7001 Telecopier

**ATTORNEYS FOR CROSS-APPELLANT**
**CHRISTOPHER J. MEDINA**


## CERTIFICATE OF CONFERENCE

I, Linda Breck, certify that I attempted to communicate with Mr. Candelario Trevino by email on May 13, 2016. Mr. Candelario Trevino is one of the attorneys for Appellant/Cross-Appellee. Mr. Trevino has not yet responded to the email at the time of the filing of this Motion to Reinstate Appeal.


 /s/Linda C. Breck_____
Linda C. Breck


## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing instrument has been forwarded to counsel as indicated below on this the 13th day of May, 2016:

Candelario S. Trevino, Jr.
Gene Toscano, Inc.
846 Culebra Road, Suite 104
San Antonio, Texas 78201
**Via Filing: [ctrevino@genetoscano.com](mailto:ctrevino@genetoscano.com)**

  /s/Linda C. Breck 
Linda C. Breck

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | |
| CHRISTOPHER JOHN MEDINA, | § | CASE NO. 14-35711-H4-7 |
| | § | (Chapter 7) |
| Debtor, | § | |
| | § | |

## MOTION FOR ORDER UNDER 11 U.S.C. § 362(j)
## CONFIRMING THE TERMINATION OF THE AUTOMATIC STAY

TO THE HONORABLE JEFF BOHM, U. S. BANKRUPTCY JUDGE:

COMES NOW, JANET S. NORTHRUP, Chapter 7 Trustee (the "Trustee") makes this her Motion for Order under 11 U.S.C. § 362(j) Confirming Termination of the Automatic Stay. In further support for the Motion, the Trustee would show the court as follows:

### I.

### Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This Court may hear and determine this motion under 28 U.S.C. § 157. The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O). Venue over this proceeding is proper under 28 U.S.C. §§ 1408 and 1409. This Court has constitutional authority to enter a final order in this matter. If it does not, the Trustee consents to entry of a final order in this matter.

### II.

### Factual Background

2. On October 15, 2014 (the "Petition Date"), the Debtor filed for relief under Chapter 7 of the Bankruptcy Code (the "Bankruptcy") in the United States Bankruptcy Court for the Southern District of Texas.



EXHIBIT

tabbies

1

TRUE COPY I CERTIFY
ATTEST: 5-10-16 Date 5 # of pages
DAVID J. BRADLEY, Clerk of Court

By _____
Deputy Clerk

3. On January 13, 2015, this court entered a Final Decree in this bankruptcy case closing the case

4. On February 11, 2015, Jennifer Zuniga, creditor in the above-captioned bankruptcy case, filed a motion to reopen the bankruptcy case. This Court reopened the bankruptcy case on April 12, 2015 and the Trustee was reappointed on April 9, 2015.

5. The Trustee seeks to administer litigation assets belonging to the bankruptcy estate, and therefore requests an order under 11 U.S.C. § 362(j) confirming that the automatic stay has been terminated.

### III.

### Relief Requested

6. Pursuant to Bankruptcy Code sections 362(j), the Trustee requests that this Court enter an order confirming that the automatic stay has been terminated.

### IV.

### Basis for Relief

7. 11 U.S.C. 362(j) states that on request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated.

8. The automatic stay provided by 11 U.S.C. 362(a) expires upon the closing of a cause pursuant to 362(c)(2)(A). Accordingly, the stay has expired, and reopening the case will not automatically cause the automatic stay to become effective again. *In re Brumfiel*, 514 B.R. 637, 643 (Bankr. D. Colo. 2014) (holding that the automatic stay is not reinstated in reopened cases and noting that reopening a bankruptcy case, which may be accomplished on limited notice, does not bear the significance that filing a petition does); *In re Frazer/Exton Dev., L.P.*, 503 B.R. 620 (Bankr. E.D. Pa. 2013) (holding that reopening "is a ministerial act that has no substantive effect

2

in and of itself"); *see also In re Burke*, 198 B.R. 412 (Bankr. S.D. Ga. 1996); *In re Trevino*, 78 B.R. 29 (Bankr. M.D. Pa. 1987). The Fifth Circuit referenced a clarifying order noting that the automatic stay is terminated in a reopened chapter 7 bankruptcy case in *Hosack v. IRS (In re Hosack)*, 282 Fed. App'x 309, 311 n.4 (5th Cir. 2008).

9. The Trustee has therefore shown that the automatic stay has terminated pursuant to 11 U.S.C. § 362(c)(2)(A).

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an Order confirming that the automatic stay has terminated and grant such other and further relief to which the Trustee may show herself entitled.

DATED:       September 2, 2015

Respectfully submitted,
**WAUSON ♦ PROBUS**

By:    /s/ Matthew B. Probus

**Matthew B. Probus**
State Bar No. 16341200 / ID# 10915
mbprobus@w-plaw.com
**Jarrod Martin**
State Bar No. #24070221 / ID# 2374739
jmartin@w-plaw.com

One Sugar Creek Center Blvd., Suite 880
Sugar Land, Texas 77478
(281) 242-0303 (Telephone)
(281) 242-0306 (Facsimile)
*PROPOSED COUNSEL TO JANET NORTHRUP,
CHAPTER 7 TRUSTEE.*

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the parties on the attached service list on this 2nd day of September, 2015, via United States regular mail, postage paid first class and via the Court's ECF/PACER system:

/s/ Matthew B. Probus
Matthew B. Probus

4

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

|                              |   |                                       |
|------------------------------|---|---------------------------------------|
| IN RE:                       | § |                                       |
|                              | § |                                       |
| CHRISTOPHER JOHN MEDINA,     | § | CASE NO. 14-35711-H4-7                |
|                              | § | (Chapter 7)                           |
| Debtor,                      | § |                                       |
|                              | § |                                       |

## ORDER

CAME ON THIS DAY, the Trustee's Joint Motion for Order under 11 U.S.C. 362(j) Confirming the Termination of the Automatic Stay. After considering the Motion, it is hereby:

ORDERED, that on January 13, 2015, the automatic stay was terminated as to Christopher John Medina pursuant to 11 U.S.C. §362(c)(2)(A); and it is further:

ORDERED that the automatic stay remains terminated and was not reinstated upon the reopening of Christopher John Medina's bankruptcy case.

SIGNED, this _____ day of _____, 2015.

_____

JUDGE JEFF BOHM,
U.S. BANKRUPTCY JUDGE



IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/01/2015

IN RE: §
§
CHRISTOPHER JOHN MEDINA, § CASE NO. 14-35711-H4-7
§ (Chapter 7)
Debtor, §

## ORDER
## (35)

CAME ON THIS DAY, the Trustee's Joint Motion for Order under 11 U.S.C. 362(j) Confirming the Termination of the Automatic Stay. After considering the Motion, it is hereby:

ORDERED, that on January 13, 2015, the automatic stay was terminated as to Christopher John Medina pursuant to 11 U.S.C. §362(c)(2)(A); and it is further:

ORDERED that the automatic stay remains terminated and was not reinstated upon the reopening of Christopher John Medina's bankruptcy case.

SIGNED, this ___29th___ day of ___Sept.___, 2015.

JUDGE JEFF BOHM,
U.S. BANKRUPTCY JUDGE

TRUE COPY I CERTIFY
ATTEST: 5-10-16 Date 1 #of pages
DAVID J. BRADLEY, Clerk of Court

By _____
Deputy Clerk

**EXHIBIT**
tabbies
**2**